# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PRINCE MCLAURIN**                                                                                          **PLAINTIFF**

**V.**                                   **CASE NO. 3:19-CV-00149-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]                                **DEFENDANT**

## ORDER

**I.   Introduction:**

Plaintiff, Prince McLaurin ("McLaurin"), applied for disability benefits on November 26, 2008, alleging a disability onset date of November 15, 2008. (Tr. at 490, 517-532). This case has been remanded by the Appeals Council and this Court several times, based on a variety of errors by various Administrative Law Judges ("ALJ"). (Tr. at 596-708). The most recent remand order instructed the ALJ to obtain additional evidence about McLaurin's reaching ability as it related to the jobs the Vocational Expert ("VE") identified that McLaurin could perform.[2] (Tr. at 708). After conducting a hearing on March 20, 2018, the ALJ denied McLaurin's application. (Tr. at 490-503). The Appeals Council denied McLaurin's request for review. (Tr. at 476-481). The ALJ's decision now stands as the final decision of the Commissioner, and McLaurin has requested judicial review.

For the reasons stated below, the Court[3] reverses the ALJ's decision and remands for further review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] This reversal is based on a Listing of Impairments argument concerning McLaurin's intellectual ability, so the Court will limit its discussion thereto.

[3] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

**II.     The Commissioner's Decision:**

The ALJ found that McLaurin had not engaged in substantial gainful activity since the application date of November 26, 2018. (Tr. at 493). The ALJ found, at Step Two of the sequential five-step analysis, that McLaurin had the following severe impairments: history of fracture at C6-C7, degenerative joint disease of the cervical spine, history of possible left shoulder dislocation, borderline intellectual functioning, and history of treatment for complaints of depression and hallucinations. *Id.*

At Step Three, the ALJ determined that McLaurin's impairments did not meet or equal a listed impairment. (Tr. at 493). The ALJ did not consider or discuss the Listing for Intellectual Disorder, Listing 12.05B. 20 C.F.R. Part 404, Subpart P, App'x 1, Listing 12.05B. Before proceeding to Step Four, the ALJ determined that McLaurin had the residual functional capacity ("RFC") to perform work at the light level, with additional limitations. *Id.* He is limited to work involving frequent bilateral reaching, handling, and fingering and occasional stooping, kneeling, crouching, and crawling; he is limited to occasional climbing of stairs and ramps and no balancing or climbing ladders, ropes, or scaffolds; he is limited to performing jobs involving only simple 1-3 step instructions, only occasional interaction with supervisors and coworkers and no significant interaction with the public; and he is limited to a setting with gradually introduced change. (Tr. at 494).

The ALJ found that McLaurin had no past relevant work. (Tr. at 501). Relying on the testimony of the VE, and based upon McLaurin's age, education, work experience, and RFC, the ALJ held that jobs existed in the national economy that McLaurin could perform. *Id.* Therefore, the ALJ concluded that McLaurin was not disabled.

**III.   Discussion:**

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B. McLaurin Arguments on Appeal

McLaurin contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that: 1) the ALJ erred by failing to consider Listing 12.05B at Step Three; and 2) the RFC did not fully incorporate McLaurin's limitations. The Court agrees that the ALJ failed to consider 12.05B at Step Three, and this was plain error.

McLaurin was 32 years old at the time of the application for disability benefits. (Tr. at 501). He was in special education classes throughout his school years. (Tr. at 49-61, 416-425, 1357-1359). He repeated 10th grade twice and dropped out of high school because of failing grades. *Id*. He tried to take the GED three times and failed each time. *Id*. He failed his driver's license test, so he does not have a license and does not drive. *Id*. His wife filled out all of his paperwork, including his function report, because he could not comprehend or follow the instructions. *Id*. She said that

she took care of most of the household chores and had to handle all of the finances because McLaurin simply could not grasp the basic concepts, despite his best efforts. *Id.*

Multiple examiners found that McLaurin had borderline intellectual functioning, which the ALJ found to be severe impairment. On one WAIS-III Intelligence test in 2010, McLaurin received scores of 70 (Full Scale), 74 (Verbal) and 70 (Performance). (Tr. at 416-425). This meant that McLaurin was in the bottom 5% of IQ among peers. *Id*. The examiner who performed that test, William Little, Ph.D., wrote that McLaurin would struggle to perform tasks using basic academic skills and would have difficulty keeping up with peers on work tasks. *Id.* Dr. Little said McLaurin couldn't comprehend verbal information or learn new material. *Id*. He noted that McLaurin had been suffering from this disability for his entire life. *Id.*

In 2018, Amy Flaherty, M.S., a License Psychological Examiner, ran an intelligence test on McLaurin. (Tr. at 1357-13-59). He scored 66 (Verbal) and 63 (Full Scale) putting him in the bottom 1% of his peers. *Id*. Flaherty noted that McLaurin could not complete paperwork without help and he could not find a job due to his disability. *Id*. Like Dr. Little, she said McLaurin's problems had been present his whole life. *Id*.

McLaurin's treating physician found in 2014 that due to forgetfulness brought on by depression and mood swings, McLaurin was not a candidate for retraining. (Tr. at 1044). She concluded that he was disabled and unemployable. *Id*.

McLaurin asserts that the ALJ erred at Step Three when he did not consider Listing 12.05B, even though he ruled borderline intellectual functioning was a severe impairment at Step Two.[4]

---

[4] It was clear the ALJ did not consider the Listing because he did not mention it, instead focusing on Listing 12.04 (Depressive, Bipolar, and Related Disorders). (Tr. at 493).

(Tr. at 491-494). Listing 12.05B is met if: (1) the claimant has a full scale IQ score of 70 or below or a full scale IQ score of 71-75 accompanied by a verbal score of 70 or below (McLaurin had that); (2) one extreme or two marked limitations in the following functional areas:

    a. Understand, remember, or apply information or

    b. Interact with others or

    c. Concentrate, persist, or maintain pace; or

    d. Adapt or manage oneself;

and (3) the disorder began prior to age 22. 20 C.F.R. Part 404, Subpart P, App'x 1, Listing 12.05B. McLaurin met the first prong. Multiple providers proved that his disability was present his whole life, so he met the third prong. (Tr. at 501). As for the second prong, the ALJ simply said that McLaurin had no more than moderate limitations in those four functional areas (McLaurin points out that the ALJ made this conclusion based on a review of Listing 12.04, not Listing 12.05B). (Tr. at 493). The ALJ did not give good reasons for finding no more than moderate limitations in those four areas (neither did the disability screeners). *Id.*; (Tr. at 275-300). The medical experts who conducted examinations and testing found that McLaurin would have real problems in those four functional areas.

        The ALJ erred by not mentioning or analyzing 12.05B at Step Three. The determination of medical equivalence [meeting a Listing] "is made based on medical evidence, supported by acceptable laboratory and clinical diagnostic techniques. In addition, the ALJ will consider medical opinions of designated medical or psychological consultants." *See Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003) (reversing denial of benefits because substantial evidence showed that claimant met Listing). On remand, if necessary based on the record as a whole, the

ALJ should consider and discuss 12.05B at Step Three.

**IV.   Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred by failing to analyze Listing 12.05B at Step Three. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 16th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE